UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------x
BARRY BROWN

Plaintiff,

COMPLAINT
AND JURY DEMAND

-against-

THE CITY OF NEW YORK; DAVID FRANKEL, as Former Commissioner, New York City Department of Finance; BETH E. GOLDMAN, as Former Commissioner, New York City Department of Finance; JACQUES JIHA, as Commissioner, New York City Department of Finance; ELOISE M. ARCHIBALD, as Director of Psychological Services, Police Department City of New York; FRANK P. PESALE, as Psychologist Level 1, Police Department City of New York and ALEXANDER STATIS, as Psychologist Level 1, Police Department City of New York, each being sued individually in their official capacities as employees' of defendant THE CITY OF NEW YORK

Defendants'
---------------------------------------------------------------------------x

The plaintiff BARRY BROWN by his attorney The Sanders Firm, P.C., as and for his complaint against defendants' THE CITY OF NEW YORK; DAVID FRANKEL; BETH E. GOLDMAN; JACQUES JIHA; ELOISE M. ARCHIBALD; FRANK P. PESALE and ALEXANDER STATIS, respectfully set forth and allege that:

**INTRODUCTION**

This is an action for equitable relief and money damages on behalf of the plaintiff BARRY BROWN, (hereinafter referred to as "plaintiff") whose statutory rights as an applicant and employee were violated as a result of defendants' THE CITY OF NEW YORK; DAVID FRANKEL; BETH E. GOLDMAN; JACQUES JIHA; ELOISE M. ARCHIBALD; FRANK P. PESALE and ALEXANDER STATIS'S discriminatory conduct.

**JURISDICTION AND VENUE**

1. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act of 1866, 42 U.S.C. § 1981; the Civil Rights Act of 1871, 42 U.S.C. § 1983; New York State Executive Law § 296, and New York City Administrative Law § 8-107.

2. The unlawful employment practices, violations of plaintiff's statutory rights as an employee complained of herein were committed within New York and Queens Counties.

**PROCEDURAL REQUIREMENTS**

3. Plaintiff has filed suit within the applicable statute of limitations period.

**PLAINTIFF**

4. Plaintiff BARRY BROWN a citizen of the United States of America, over twenty-one (21) years of age, and resident of Kings County, is a former employee of defendant THE CITY OF NEW YORK (hereinafter referred to as the "CITY") more specifically the New York City Department of Finance – Sheriff's Division. For the purposes of this litigation defendant CITY may be identified interchangeably using CITY or FINANCE to identify the employer which is the CITY.

**DEFENDANTS'**

5. Defendant CITY is a municipal corporation formed under New York Law and at all relevant times was Plaintiff's employer, with its central offices in the county of New York, and diverse other offices and facilities throughout the world.

6. Defendant DAVID FRANKEL, as Former Commissioner, New York City Department of Finance.

7. Defendant BETH E. GOLDMAN, as Former Commissioner, New York City Department of Finance.

8. Defendant JACQUES JIHA, as Commissioner, New York City Department of Finance.

9. Defendant ELOISE M. ARCHIBALD, as Director of Psychological Services, Police Department City of New York.

10. Defendant FRANK P. PESALE, as Psychologist Level 1.

11. Defendant ALEXANDER STATIS, as Psychologist Level 1.

**BACKGROUND**

12. Plaintiff self identifies as an African-American male.

13. Plaintiff is a former employee of the New York City Department of Finance – Sheriff's Division, employed as a Deputy Sheriff.

14. Plaintiff alleges Deputy Sheriffs are peace officers as defined under the New York State Criminal Procedure Law and authorized to make warrantless arrests, issue summonses, conduct vehicle stops, carry and use firearms, batons, pepper spray, handcuffs, and use physical and deadly force.

15. Plaintiff alleges Deputy Sheriffs in their civil enforcement role are authorized to enforce parts of the New York State Civil Practice Law and Rules ("CPLR").

16. Plaintiff alleges psychological tests if used objectively can be a vital tool used to assess an applicants or employees honesty and integrity.

17. Plaintiff alleges Title VII of the Civil Rights Act of 1964 prohibits psychological testing designed to, or that has a tendency to, discriminate based upon race.

18. Plaintiff alleges psychological testing where the administration results in disparate treatment or disparate impact upon applicants or employees based upon race, violates Title VII of the Civil Rights Act of 1964.

19. Plaintiff alleges defendant THE CITY OF NEW YORK as an employer, have a legal obligation to ensure applicants or employees are afforded a fair opportunity to qualify for

employment.

20. Plaintiff alleges defendant THE CITY OF NEW YORK as an employer, knows or should have known psychological testing requiring analysis by a psychologist is fraught with "subjectivity" and "implicit bias", thereby creating the opportunity for disparate treatment or disparate impact upon applicants or employees due to their race.

21. Plaintiff alleges defendant THE CITY OF NEW YORK as an employer, upon information and belief, does not review existing psychological testing to ensure they are statistically valid, reliable and devoid of racial bias.

22. Plaintiff alleges defendant THE CITY OF NEW YORK as an employer, upon information and belief, does not administer psychological testing in a standardized manner to ensure that all job applicants or employees are assessed in the same way.

23. Plaintiff alleges defendant THE CITY OF NEW YORK as an employer, upon information and belief, does not monitor test results to ensure there's no disparate treatment or disparate impact upon applicants or employees due to race.

24. Plaintiff alleges defendant THE CITY OF NEW YORK as an employer, upon information and belief, does not monitor workplace statistics on attrition, theft, turnover, and production to determine whether the use of psychological testing have a disparate treatment or disparate impact upon applicants or employees due to their race.

25. Plaintiff alleges in 1978, the United States Equal Employment Opportunity Commission ("EEOC") adopted the Uniform Guidelines on Employee Selection Procedures ("UGESP") under Title VII of the Civil Rights Act of 1964.

26. Plaintiff alleges the UGESP provides uniform guidance for employers to ensure their testing and selection procedures are in compliance with Title VII of the Civil Rights Act of

1964, theory of disparate impact.

27. Plaintiff alleges the UGESP outline three (3) different methods for employers to prove their testing and selection procedures are job-related and consistent with business necessity.

28. Plaintiff alleges these methods of proving job-relatedness are called "test" validation.

29. Plaintiff alleges defendant THE CITY OF NEW YORK as an employer, upon information and belief, is not in compliance with the UGESP.

30. Plaintiff alleges defendant DAVID FRANKEL served as the Commissioner, New York City Department of Finance from July 29, 2009 through September 24, 2013.

31. Plaintiff alleges defendant DAVID FRANKEL as the agency head was legally obligated to ensure the aforementioned procedural safeguards in the hiring and selection process for Deputy Sheriff, City of New York are in place to ensure all applicants or employees have a fair opportunity to qualify for employment and failed to do so.

32. Plaintiff alleges defendant BETH E. GOLDMAN served as the Commissioner, New York City Department of Finance from September 24, 2013 through April 7, 2014.

33. Plaintiff alleges defendant BETH E. GOLDMAN as the agency head was legally obligated to ensure the aforementioned procedural safeguards in the hiring and selection process for Deputy Sheriff, City of New York are in place to ensure all applicants or employees have a fair opportunity to qualify for employment and failed to do so.

34. Plaintiff alleges defendant JACQUES JIHA serves as the Commissioner, New York City Department of Finance.

35. Plaintiff alleges defendant JACQUES JIHA as the agency head is legally

obligated to ensure the aforementioned procedural safeguards in the hiring and selection process for Deputy Sheriff are in place to ensure all applicants or employees have a fair opportunity to qualify for employment have failed to do so.

36. Plaintiff alleges in or around February 1997, he graduated from Baruch College with a Bachelor of Business Administration Degree in Finance.

37. Plaintiff alleges from June 4, 1991 through January 28, 1999 he served and was honorably discharged from the United States Marine Corps – Reserves at the rank of Corporal (E4).

38. Plaintiff alleges in or around December 2012 he began the hiring and testing process for the position of Deputy Sheriff, City of New York, Examination No.: 3021.

39. Plaintiff alleges in or around February 19, 2013, he completed and successfully qualified on the written examination, physical examination and physical fitness test.

40. Plaintiff alleges on or about February 19, 2013, he entered the New York City Sheriff's Academy.

41. Plaintiff alleges the class consisted of 15 deputy sheriff candidates: 5 Blacks or African-American, 7 White or Caucasian, 2 Hispanic and 1 Asian.

42. Plaintiff alleges 1/3 or thirty-three (33) percent of the class is Black or African-American.

43. Plaintiff alleges defendant ELOISE M. ARCHIBALD supervises the entire staff of Psychological Services, in particular, responsible for candidate evaluations.

44. Plaintiff alleges on or about February 24, 2013, he was administered the Minnesota Multiphasic Personality Inventory aka MMPI-2.

45. Plaintiff alleges the MMPI-2 was specifically designed for assessing

psychological stability in clinical settings although commonly used to assess applicants of 'high-risk' professions such as airline pilots and police officers.

46. Plaintiff alleges on or about February 25, 2013, under the direct or indirect supervision of defendant ELOISE M. ARCHIBALD, he was interviewed by defendant FRANK P. PESALE.

47. Plaintiff alleges on or about March 22, 2013 under the direct or indirect supervision of ELOISE M. ARCHIBALD, defendant FRANK P. PESALE determined there is sufficient evidence to warrant finding him psychologically unsuitable for the position of Deputy Sheriff.

48. Plaintiff alleges defendant FRANK P. PESALE further determined his history of functioning raises sufficient concern about his coping skills, stress tolerance and interpersonal skills to warrant disqualification.

49. Plaintiff alleges on or about March 29, 2013 he successfully completed the Basic Course for Peace Officers in accordance with the guidelines of the New York State Division of Criminal Justice Services Municipal Police Training Council.

50. Plaintiff alleges on or about April 26, 2013 he successfully completed the Initial Course in Firearms and Deadly Physical Force in accordance with the guidelines of the New York State Division of Criminal Justice Services Municipal Police Training Council.

51. Plaintiff alleges on or about May 13, 2013, he was terminated.

52. Plaintiff alleges his termination was based upon the racially biased psychological evaluations under the direct or indirect supervision of defendant ELOISE M. ARCHIBALD and FRANK P. PESALE.

53. Plaintiff alleges under the direct or indirect supervision of defendant ELOISE M.

ARCHIBALD, the entire pool, one hundred (100) percent of Black or African-American candidates were psychologically disqualified.

54. Plaintiff alleges under the direct or indirect supervision of defendant ELOISE M. ARCHIBALD, sixty (60) percent of the pool of Black or African-American psychologically disqualified candidates went onto become members of other law enforcement agencies including the New Jersey State Police.

55. Plaintiff alleges under the direct or indirect supervision of defendant ELOISE M. ARCHIBALD, the entire pool, one hundred (100) percent of Black or African-American candidates were equally qualified or more qualified than the Caucasian or White candidates but, were evaluated differently.

56. Plaintiff alleges Blacks or African-American candidates under the direct or indirect supervision of defendant ELOISE M. ARCHIBALD are more likely than Caucasian or White candidates to have their Psychological Disqualification Summary's documented to read: exercises 'poor judgment, poor credibility and failure to take responsibility for past problematic behavior although they had similar backgrounds.

57. Plaintiff alleges under the direct or indirect supervision of defendant ELOISE M. ARCHIBALD, the Caucasian or White candidates were re-evaluated at the same rate or higher than the Black or African-American candidates but, were not disqualified.

58. Plaintiff alleges under the direct or indirect supervision of defendant ELOISE M. ARCHIBALD, the entire pool, one hundred (100) percent of Caucasian or White candidates although equally qualified or less qualified than Black or African-American candidates were not disqualified.

59. Plaintiff alleges shortly thereafter, he hired Dr. Robert Daley, Ph.D., an outside

consultant and former Director of Psychological Services, Police Department City of New York to assess his suitability for the position of Deputy Sheriff, New York City Department of Finance.

60. Plaintiff alleges Dr. Robert Daley, Ph.D., assessed him on three (3) separate occasions: June 26, July 24 and December 17, 2013.

61. Plaintiff alleges on or about December 31, 2013, Dr. Robert Daley, Ph.D., concluded "nothing in the history or clinical examinations supports the negative conclusions drawn by the police department's examiner concerning Mr. Brown's coping skills, stress tolerance or interpersonal skills. In the opinion of the undersigned, Mr. Brown is fully mentally competent and a suitable candidate for employment as a deputy sheriff."

62. Plaintiff alleges after an administrative error by the New York City Department of Finance issuing a Notice of Proposed Disqualification, the New York City Civil Service Commission determined the equitable thing to do was to re-evaluate him.

63. Plaintiff alleges sometime after, he was administered another MMPI-2.

64. Plaintiff alleges on or about June 9, 2015 under the direct or indirect supervision of defendant ELOISE M. ARCHIBALD, he was interviewed by defendant ALEXANDER STRATIS.

65. Plaintiff alleges on or about August 25, 2015 under the direct or indirect supervision of ELOISE M. ARCHIBALD, defendant ALEXANDER STRATIS supported defendant FRANK P. PESALE'S previous determination, concluding there is sufficient evidence to warrant finding him psychologically unsuitable for the position of Deputy Sheriff.

66. Plaintiff alleges on or about November 4, 2015 the New York City Civil Service Commission conducted a discretionary hearing.

67. Plaintiff alleges on or about November 5, 2015 he received another Notice of Proposed Disqualification from the New York City Department of Finance.

68. Plaintiff alleges his Notice of Proposed Disqualification was based upon the racially biased psychological evaluations under the direct or indirect supervision of ELOISE M. ARCHIBALD; FRANK P. PESALE and ALEXANDER STRATIS.

69. Plaintiff alleges on or about November 6, 2015 he submitted more written documents to re-but the psychological evaluations.

70. Plaintiff alleges on or about February 19, 2016, the New York City Civil Service Commission affirmed his disqualification along racial lines.

71. Plaintiff alleges Commissioners Nancy G. Chaffetz and Charles D. McFaul voted to affirm despite their pointed questioning about the veracity of the psychological assessments.

72. Plaintiff alleges Commissioner Rudy Washington voted to reverse the New York City Department of Finance's determination and find him qualified for the position of Deputy Sheriff after his pointed questioning about the veracity of the psychological assessments.

73. Plaintiff alleges there are no perfect candidates but, defendants' THE CITY OF NEW YORK; DAVID FRANKEL; BETH E. GOLDMAN; JACQUES JIHA; ELOISE M. ARCHIBALD; FRANK P. PESALE and ALEXANDER STATIS treat candidates differently due to their race.

74. Plaintiff alleges defendants' THE CITY OF NEW YORK; DAVID FRANKEL; BETH E. GOLDMAN; JACQUES JIHA; ELOISE M. ARCHIBALD; FRANK P. PESALE and ALEXANDER STATIS'S collective conduct caused him to sustain injuries due to disparate treatment and disparate impact during the hiring and selection process for Deputy Sheriff, City of New York in violation of the Civil Rights Act of 1866, $2 U.S.C. § 1981; the Civil Rights Act of

1871, 42 U.S.C. § 1983; New York State Executive Law § 296 and New York City Administrative Code § 8-107.

## VIOLATIONS AND CLAIMS ALLEGED

### COUNT I
### RACE DISCRIMINATION
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

75. Plaintiff re-alleges Paragraphs 1 through 74 and incorporates them by reference as Paragraphs 1 through 74 of Count I of this Complaint.

76. Plaintiff alleges the discriminatory acts and omissions of defendants' THE CITY OF NEW YORK; DAVID FRANKEL; BETH E. GOLDMAN; JACQUES JIHA; ELOISE M. ARCHIBALD; FRANK P. PESALE and ALEXANDER STATIS interfered with his right to enforce contracts under the color of state law because of his race.

77. Plaintiff alleges as a result of the aforesaid acts, depriving him of his civil rights, he suffered mental anguish, emotional distress, and loss of employment opportunities.

### COUNT II
### MONELL CLAIM
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

78. Plaintiff re-alleges Paragraphs 1 through 77 and incorporates them by reference as Paragraphs 1 through 77 of Count II of this Complaint.

79. Plaintiff alleges defendant THE CITY OF NEW YORK caused his injuries.

80. Plaintiff alleges defendant THE CITY OF NEW YORK'S actions were taken under color of law.

81. Plaintiff alleges defendant THE CITY OF NEW YORK deprived him of his constitutional and statutory rights.

82. Plaintiff alleges defendant THE CITY OF NEW YORK'S actions are causally related to his injuries.

83. Plaintiff alleges as a result of defendant THE CITY OF NEW YORK'S actions he is damaged.

84. Plaintiff alleges official policies of the NYPD Psychological Services Unit, adopted by defendant THE CITY OF NEW YORK and the New York City Department of Finance used to evaluate law enforcement candidates caused his constitutional and statutory injuries.

**COUNT III**
**RACE DISCRIMINATION**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

85. Plaintiff re-alleges Paragraphs 1 through 84 and incorporates them by reference as Paragraphs 1 through 84 of Count III of this Complaint.

86. Plaintiff alleges defendants' THE CITY OF NEW YORK; DAVID FRANKEL; BETH E. GOLDMAN; JACQUES JIHA; ELOISE M. ARCHIBALD; FRANK P. PESALE and ALEXANDER STATIS under color of law, personally interfered with and deprived him of his constitutional rights because of his race.

87. Plaintiff alleges defendants' THE CITY OF NEW YORK; DAVID FRANKEL; BETH E. GOLDMAN; JACQUES JIHA; ELOISE M. ARCHIBALD; FRANK P. PESALE and ALEXANDER STATIS in acting to deprive him of his rights, acted intentionally, knowingly, willfully, and with gross disregard of his rights.

88. Plaintiff alleges defendants' THE CITY OF NEW YORK; DAVID FRANKEL; BETH E. GOLDMAN; JACQUES JIHA; ELOISE M. ARCHIBALD; FRANK P. PESALE and ALEXANDER STATIS under color of law, caused him to suffer emotional distress, monetary

damage, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

**COUNT IV**
**RACE DISCRIMINATION**
**IN VIOLATION OF**
**NEW YORK STATE EXECUTIVE LAW § 296**

89. Plaintiff re-alleges Paragraphs 1 through 88 and incorporates them by reference as Paragraphs 1 through 88 of Count IV of this Complaint.

90. Plaintiff alleges defendants' THE CITY OF NEW YORK; DAVID FRANKEL; BETH E. GOLDMAN; JACQUES JIHA; ELOISE M. ARCHIBALD; FRANK P. PESALE and ALEXANDER STATIS discriminated against him because of his race.

91. Plaintiff alleges he is within the protected class.

92. Plaintiff alleges he is qualified for the position.

93. Plaintiff alleges he was subjected to an adverse employment action.

94. Plaintiff alleges the adverse employment action occurred under circumstances giving rise to an inference of discrimination.

95. Plaintiff alleges defendants' THE CITY OF NEW YORK; DAVID FRANKEL; BETH E. GOLDMAN; JACQUES JIHA; ELOISE M. ARCHIBALD; FRANK P. PESALE and ALEXANDER STATIS'S violations caused him mental anguish, emotional distress, and loss of employment opportunities.

**COUNT V**
**RACE DISCRIMINATION**
**IN VIOLATION OF**
**NEW YORK CITY ADMINISTRATIVE CODE § 8-107**

96. Plaintiff re-alleges Paragraphs 1 through 95 and incorporates them by reference as Paragraphs 1 through 95 of Count V of this Complaint.

97. Plaintiff alleges defendants' THE CITY OF NEW YORK; DAVID FRANKEL; BETH E. GOLDMAN; JACQUES JIHA; ELOISE M. ARCHIBALD; FRANK P. PESALE and ALEXANDER STATIS discriminated against him because of his race.

98. Plaintiff alleges he is within the protected class.

99. Plaintiff alleges he is qualified for the position.

100. Plaintiff alleges he was subjected to an adverse employment action.

101. Plaintiff alleges the adverse employment action occurred under circumstances giving rise to an inference of discrimination.

102. Plaintiff alleges defendants' THE CITY OF NEW YORK; DAVID FRANKEL; BETH E. GOLDMAN; JACQUES JIHA; ELOISE M. ARCHIBALD; FRANK P. PESALE and ALEXANDER STATIS'S violations caused his mental anguish, emotional distress, and loss of employment opportunities.

**JURY TRIAL**

103. Plaintiff demands a trial by jury of all issues in this action that are so triable.

**PRAYER FOR RELIEF**

Wherefore, plaintiff demands compensatory and punitive damages from defendants' THE CITY OF NEW YORK; DAVID FRANKEL; BETH E. GOLDMAN; JACQUES JIHA; ELOISE M. ARCHIBALD; FRANK P. PESALE and ALEXANDER STATIS plus any and all available statutory remedies, both legal and equitable, and interests and costs.

Dated: March 5, 2016
New York, NY

Respectfully submitted,

By: __________s_______________
Eric Sanders

Eric Sanders, Esq.
**THE SANDERS FIRM, P.C.**
230 Park Avenue, Suite 1000
New York, NY 10169
(212) 808-6515 (Business Telephone)
(212) 729-3062 (Facsimile)

Website: http://www.thesandersfirmpc.com